IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-31167
Conference Calendar

VERNON J TATUM, JR

Plaintiff-Appellant

v.

POLICE JURY OF CALCASIEU PARISH; AMERICAN NATIONAL RED CROSS; TONY MANCUSO, in his capacity as Sheriff of Calcasieu Parish

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-705

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Vernon J. Tatum, Jr., appeals the district court's grant of the defendants' motions to dismiss his complaint as prescribed. Tatum argues that the district court abused its discretion by granting him only 15 additional days to respond to the motions to dismiss instead of the 30 days he requested.

The final motion to dismiss was filed on May 8, 2007. Tatum initially moved for an extension of time to respond to the motions to dismiss on June 5,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2007, and he cured the final deficiency of that motion on July 5, 2007. As Tatum filed the motion for extension of time after the time for responding to the motions to dismiss had expired, he was required to show excusable neglect. See FED. R. CIV. P. 6(b)(1)(B).

The district court granted Tatum 15 additional days to file his response to the motion to dismiss in the middle of October 2007, and it did not rule on the motions to dismiss until November 5, 2007. Tatum had almost eight months from the filing of the final motion to dismiss to respond. Tatum, however, did not ever file a response to the motions to dismiss in the district court, and he has still not stated what arguments he would have raised in such a response. Tatum has not shown that the district court abused its discretion by refusing to fully grant his motion for extension of time. See Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 161-62 (5th Cir. 2006).

AFFIRMED.